## A. D. WHITSON v. RALPH BRIGHT.

**Injunctions—Proceeding to Enjoin Judgment—Fraud and Mistake—Facts Must Be Discovered After Rendition of Judgment.**

In a proceeding to enjoin the collection of a judgment upon the grounds of fraud in obtaining it, or mistake of fact by the defendant, it must be shown that such fraud or mistake was discovered subsequent to the rendition of the judgment, and when a party fails to make a defense in a suit at law, in the absence of fraud on the part of the plaintiff in obtaining the judgment, it will not be set aside.

APPEAL FROM GALLATIN CIRCUIT COURT.

December 11, 1872.

OPINION BY JUDGE LINDSAY:

The charge of a fraudulent combination between Bright and Casey is utterly unsustained.

The evidence certainly preponderates in favor of the conclusion that Whithon was present when the note was executed, and that he signed it with full knowledge of all the facts attending its execution.

From the testimony of Casey who was a competent witness, we may fairly presume that all parties were mistaken as to his rights to bind his late partner Roberts by signing his name to the new note whether this mutual mistake could have been made available by Whitson as a defense to the suit on the note it is not important to determine. He does not allege in his petition that he discovered it since the judgment in that suit was rendered, nor that he discovered since then the fact that Casey

did not have actual authority from Roberts to sign his name to the note. These defences not having arisen since the judgment on the note are not grounds upon which such judgment can be annulled or modified by this proceeding in equity. Neither of them having been discovered subsequent to its rendition. Civil Code, section 14, for the same reason the allegation that the note embraced usury was properly disregarded. This fact was certainly known to Whitson before the judgment sought to be injoined was rendered. M. S. S. opinion, June, 1859, *Chinn v. Mitchell*. Casey was a competent witness. He is not a party to the record, and his testimony in this cause cannot be used in his favor in any litigation between Roberts and himself for a settlement of these accounts. His interest as between Bright and Whitson is exactly equepoised. The authorities relied on by appellant are not applicable to this case for the reason that he failed to make defense to the suit at law, and in the absence of fraud upon the part of Bright his other grounds of complaint cannot now be considered. We do not deem it necessary to review the testimony touching the genuineness of Whitson signature to the note. Casey is uncontradicted and is not impeached. His testimony upon this point is conclusive.

Judgment *affirmed*. Chief Justice Prior did not sit in this case.